IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| NORRIS CLARK, § | |
|     Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:08-CV-601-A |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
|     Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A.    NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.    PARTIES**

Petitioner Norris Clark, TDCJ #648948, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Beeville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

## C. PROCEDURAL HISTORY

In July 1993, Clark, a habitual offender, pleaded guilty to aggravated sexual assault of a child pursuant to a plea bargain agreement and was sentenced to forty years' confinement in the Criminal District Court Number Three of Tarrant County, Texas, Case No. 0480726D. *Ex parte Clark*, Application No. WR-33,493-01 at 56. The Texas Board of Pardons and Paroles (BOP) has denied Clark release to parole on three occasions–September 6, 2002, July 21, 2004, and May 31, 2007. His next review was scheduled for May 2010. (Pet'r Reply, Exh. #1) In this petition, Clark challenges the 2007 denial of his release to parole. (*Id.* at 1)

On August 27, 2007, Clark filed a § 1983 civil rights complaint in the United States District Court for the Southern District of Texas, Corpus Christi Division, challenging the BOP's denial of parole on the same or similar grounds presented herein, which was dismissed for failure to state a claim on April 24, 2008. *Clark v. Owens, et al*, Civil Docket No. 2:07-CV-351. That case remains pending on appeal. Additionally, on June 6, 2008, Clark filed a state application for writ of habeas corpus challenging the BOP's denial of parole on the same or similar grounds presented herein, which was denied without written order by the Texas Court of Criminal Appeals on July 30, 2008. *Ex parte Clark*, Application No. WR-33,493-02, at cover. Clark filed this federal petition for habeas relief on September 30, 2008.[1]

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition filed when petition and any attachments are delivered to prison authorities for mailing).

**D. ISSUES**

Clark raises three grounds for relief, in which he asserts that the BOP's application of a current, more onerous parole statute, as opposed to that in effect at the time of the offense, violates his constitutional rights. (Petition at 7)

**E. STATUTE OF LIMITATIONS**

Quarterman believes Clark's petition is time-barred. 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (D), applicable to this case, the limitations period began to run on the date on which Clark could have discovered, through the exercise of due diligence, the factual predicate of his claims on May 31, 2007, the date parole was denied, and expired one year later on May 31, 2008, absent any applicable tolling. Clark's state habeas application, filed on June 6, 2008, after the limitations period had already expired did not operate to toll the limitations period.[2] *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Clark alleged in his reply or otherwise demonstrated sufficiently rare and exceptional circumstances that would justify application of the doctrine of equitable tolling. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

## II. RECOMMENDATION

Based on the foregoing discussion, it is recommended that Clark's petition be DISMISSED as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been

---

[2]Clark claims the BOP's lack of a corrective process and refusal to provide relevant information regarding its decision to deny parole hindered him from discovering the factual predicate of his claims sooner. This argument is not persuasive. The allegation that there is no administrative corrective process for appealing the denial of parole is not an extraordinary circumstance which prevented Clark from filing his petition in a timely manner. Furthermore, Clark was aware of and pursued his right to challenge the BOP's parole procedures relevant to his claims by way of a § 1983 civil rights suit. Finally, in the BOP's notice to Clark, dated June 1, 2007, the BOP listed the reasons for its denial, informed Clark of his next review date, and instructed him to contact his unit Institutional Parole Office with questions. (Pet'r Reply, Exh. #1) In his inmate request to the Parole Office, Clark merely requested the names of the BOP members who voted to deny parole for the purpose of pursuing his § 1983 case, not a § 2254 action. (*Id.*, Exh. #2)

4

served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 10, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until March 10, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 17, 2009.

                                                 /s/ Charles Bleil
                                                 CHARLES BLEIL
                                                 UNITED STATES MAGISTRATE JUDGE